UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CORY SCOTT NEWTON | NO: 5:14-CV-03116 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| STEVE PRATOR, SHERIFF OF CADDO PARISH, LOUISIANA, IN HIS OFFICIAL CAPACITY, AND CADDO PARISH SHERIFF'S OFFICE | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

MAY IT PLEASE THE COURT:

### Untimely Disclosed Witnesses

This suit was filed on October 21, 2014. On November 7, 2014, the Court issued a scheduling order regarding the exchange of pretrial disclosures. Plaintiff provided same on December 3, 2014, Doc. 39-2. Plaintiff listed himself and his spouse, and deputies associated with this incident.

On December 16, 2014 this Court issued the first scheduling order, which provided, in pertinent part, as follows:

Amendment of Pleadings - **February 27, 2015**

Exchange Witness Lists – **April 15, 2015**

Plaintiff's Expert Reports – **May 15, 2015**

Reports of Treating Healthcare Providers – **"Deliver to all counsel immediately upon receipt"**

Discovery Completion and Discovery Motions – **June 15, 2015**

1

December 16, 2014, Scheduling Order, Doc. 7. On May 21, 2015 Plaintiff submitted a witness list identical to the December 3, 2014 list. Doc. 39-1.

The Plaintiff had financial and scheduling problems returning to Louisiana from Michigan for a deposition, so as a courtesy Defendant agreed to accommodate Plaintiff by delaying his deposition and paying his travel expense. Accordingly, to accomplish this, on July 14, 2015, the Court issued another scheduling order, which provided, in pertinent part, as follows:

> Amendment of Pleadings, Witness Lists, Expert Reports, Expert Depositions, Daubert/Expert Testimony Motions - **"Closed"**
>
> Discovery Completion and Discovery Motions - **October 15, 2015**

July 14, 2015 Scheduling Order, Doc. 16.

Despite the above, after the expiration of the second discovery period and without any motion for leave or purported basis for the untimely disclosure, Plaintiff submitted an "amended" witness list on November 11, 2015. After the Daubert deadline Plaintiff listed twenty additional persons, many of whom are experts:

1. William Reed Sawdon, III
   Marysville, MI

2. Valarie Gail Sawdon
   Marysville, MI

3. Mary Paul DeShon
   Marysville, MI

4. Richard William DeShon
   Marysville, MI

2

5. Cathy Fisher
   Karnack, TX

6. Dr. Mohammad Saberi
   Royal Oaks, MI

7. Dr. John Colombo
   Marysville, MI

8. Dr. Bassern H. Dekelbab
   Royal Oaks, MI

9. Dr. Robert McVie
   Shreveport, LA

10. Dr. Brian Berman
    Royal Oaks, MI

11. Dr. Kelly Holmes
    Charter Two of Clinton, MI

12. Dr. Frank Rimell
    Minneapolis, MN

13. Dr. Ann E. Van Heest
    Minneapolis, MN

14. Dr. Anna Petryk
    Minneapolis, MN

15. Dr. John E. Wagner
    Minneapolis, MN

16. Dr. Sanjaykumar B. Shah
    Bossier City, LA

17. Dr. Christopher M. Wilson
    Bossier City, LA

18. Dr. Rafia Khalil
    Port Huron, MI

19. Dr. Marwan Shayto
    Port Huron, MI

3

20. Dr. Angela O'Toole
Port Huron, MI

Amended List, Doc. 40-1. Accordingly, Plaintiff listed twenty people, including fifteen physicians (twelve witnesses are in Michigan, four in Minnesota, one in Texas and three in Louisiana). Further, Plaintiff offers no expert report, nor any treatment records; the expert disclosure deadline passed May 18, 2015 and the deadline for <u>Daubert</u> motions August 15.

It appears that Plaintiff is seeking to add these witnesses to support a claim for extra-contractual damages under COBRA; as set forth below there is no such relief available. Nevertheless, Plaintiff cannot be permitted to add these witnesses.

**COBRA Compensatory Damages Claim**

Plaintiff contends that his children could have received medical treatment if he was insured (or perhaps that they would have received same if he was uninsured but living in Louisiana and treated at University Health, as he is also contending that he could not locate a physician in Michigan willing to treat Plaintiff's children but had one at University Health). No such damages claim is available under COBRA. As with mental anguish damages for not having insurance, no such relief is available.

Extra-contractual remedies are not available for violations of the notice requirements of COBRA. See, <u>Kem v. Blaine Kerne Artists, Inc.</u>, 2006 WL 2548173 (E.D.La. 2006). Compensatory damages for a delay in obtaining medical treatment are not recoverable. See, <u>Hamann v. Independence Blue Cross</u>, 543 F.Appx. 355 (5 th Cir. 2013). Accordingly, even if COBRA were violated, which is denied, the plaintiff is only entitled to recover medical expenses <u>incurred</u>. In such cases, "compensatory damages

4

in an amount equal to medical expenses minus deductibles and premiums that the beneficiary would have had to pay for COBRA coverage." Sonnichsen v. Aries Marine Corp., 673 F.Supp. 466, 474 (W.D.La. 2009). The plaintiff has incurred approximately $300.00 in medical expenses during the 18 month COBRA period. Depo of Raelene Newton, Rec. Doc. 31-10 at pg. 3 of 3. The monthly premium for COBRA coverage was $1,511.42. Affidavit of Carolyn Copeland, Rec. Doc. 31-5 at pg. 14 of 22. Because the monthly premium exceeded the incurred medical expenses, plaintiff is not entitled to any compensatory damages. Plaintiff is only entitled to recover the cost of medical expenses that have <u>actually been incurred</u>, and even then only if they exceed the premium cost that Plaintiff would have had to pay had he elected COBRA. Soanichsen v. Aries Marine Corp., 673 F.Supp. 2d 466 (W.D. La. 2009). Plaintiff is not entitled to recover compensatory damages.

**COBRA Penalty Claim**

Nor is Plaintiff entitled to add a penalty claim at this point and evidence regarding same must be excluded. Plaintiff apparently suggests, based only on his summary judgment opposition, that he is seeking a daily penalty on behalf of himself as well as his wife and four children; the daily penalty x 6 people x 18 months. In his Complaint and disclosures plaintiff did not seek recovery of statutory penalties under 29 U.S.C. §1132. See, e.g., Montgomery v. Metro Life Ins. Co., 403 F. Supp. 2d 1261, 1263 (N.D. Ga. 2005) ("First among the reasons why this court will not award statutory penalties and/or attorney fees is that the plaintiff never brought a claim in his Complaint for such

5

damages. The plaintiff concedes in his reply brief that he did not set forth a separate claim in his Complaint under 29 U.S.C. §1132(c)(1)"). An opposition to a Summary Judgment is not a proper procedural device to make additional claims. See, Wasco Prod., Inc. v. Southwall Techs, Inc., 435 F.3d 989, 992 (9th Cir. 2006); Honey v. Dignity Health, 27 F. Supp. 3d 1113, 1121 (D.Nev. 2014); F.R.C.P. 8(a)(3).

>Respectfully submitted,
>
>PETTIETTE, ARMAND, DUNKELMAN,
>WOODLEY, BYRD & CROMWELL, L.L.P.
>
>   S//Edwin H. Byrd, III
>Edwin H. Byrd, III   #19509
>400 Texas Street, Suite 400 (71101)
>Post Office Box 1786
>Shreveport, Louisiana 71166-1786
>Ph. (318) 221-1800  Fax (318) 226-0390
>
>ATTORNEYS FOR DEFENDANT,
>CADDO PARISH SHERIFF STEVE PRATOR

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Signed in Shreveport, Louisiana on this 4th day February, 2016.

>   /s/Edwin H. Byrd, III
>   OF COUNSEL