UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CORY SCOTT NEWTON | CIVIL ACTION NO. 14-3116 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| STEVE PRATOR, SHERIFF OF CADDO PARISH, LOUISIANA, IN HIS OFFICIAL CAPACITY | MAGISTRATE JUDGE HORNSBY |

### ORDER

Defendant's Motion in Limine to exclude evidence related to extra-contractual damages asserts–for the first time–that the parties' and the Court's reliance on ERISA to determine the appropriate measure of damages applicable to Plaintiff's COBRA claim is misplaced because portions of the Public Health Service Act ("PHSA"), see 42 U.S.C. §§ 300bb-1 to -7 (2012), rather than ERISA, govern Plaintiff's COBRA claim. Record Document 65. Indeed, it is now apparent that the Defendant, as an instrumentality of a political subdivision of Louisiana, is specifically excluded from ERISA and is instead subject to the PHSA. See 29 U.S.C. § 1002(32) ("[ERISA] shall not apply to any . . . governmental plan."); id. § 1002(32) ("'[G]overnmental plan' means a plan established or maintained for its employees by . . . the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."); Brett v. Jefferson Cty., Ga., 123 F.3d 1429, 1434 (11th Cir. 1997) (analyzing deputy sheriff's COBRA claims under the PHSA). The notice provisions of COBRA found in ERISA are identical to those found in the PHSA

so the Plaintiff's COBRA claim, which sounds in ERISA, is still well plead. See Bigelow v. United Healthcare of Mississippi, Inc., 220 F.3d 339, 344 & n.11 (entertaining PHSA COBRA claim even though the plaintiff brought its COBRA claim under ERISA because of the "striking similarity" between the COBRA provisions in the two statutes).

It is unclear to the Court, however, whether a violation of the COBRA provisions in the PHSA entitles a plaintiff to recover compensatory damages. Generally, "the relief available under ERISA for violations of COBRA notification requirements is broader than the relief available under the PHSA for the same violations." Thomas v. Town of Hammonton, 351 F.3d 108, 111 (3d Cir. 2003). Specifically, it appears to the Court that because the only relief available under the PHSA for a violation of a COBRA is "appropriate equitable relief," see 42 U.S.C. § 300bb-7, neither statutory penalties, attorney's fees, nor perhaps even compensatory damages are available to the Plaintiff for the Defendant's alleged failure to notify the Plaintiff of his right to continue coverage under COBRA. See Brett, 123 F.3d at 1435 (holding that plaintiff may not recover fines or attorney's fees under the PHSA for defendant's COBRA violation); Calhoon v. Trans World Airlines, Inc., 400 F.3d 593, 596-98 (8th Cir. 2005) (holding that plaintiffs may not recover out-of-pocket medical expenses that would have been covered by COBRA under an identical "appropriate equitable relief" standard found in ERISA (citing Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213-14, 220-21 (2002))). The Court's own research has uncovered only one case interpreting the language "appropriate equitable relief" to permit compensatory damages for a COBRA violation. See Mansfield v. Chicago Park Dist. Grp. Plan, 946 F. Supp. 586,

592 (N.D. Ill. 1996). Relying on the Supreme Court's interpretation of "appropriate equitable relief" as it is found in ERISA, see Mertins v. Hewitt Associates, 508 U.S. 248 (1993) (holding that "appropriate equitable relief" in ERISA is limited to the types of relief typically available in equity, such as an injunction, a declaratory judgment, or restitution); Great-West, 534 U.S. at 213-14 (holding that "appropriate equitable relief" in ERISA encompasses a claim for restitution only where the money sought belongs to the plaintiff but is in the defendant's possession), all other cases that the Court has found interpret "appropriate equitable relief" to preclude compensatory damages for a COBRA violation (under either ERISA or the PHSA). See, e.g., Lyons v. Bd. of Regents of the Univ. of Wisconsin Sys., No. 14-CV-460, 2015 WL 59425, at *2-3 (E.D. Wis. Jan. 5, 2015); Carstetter v. Adams Cty. Transit Auth., No. CIV.A. 1:06-CV-1993, 2008 WL 2704596, at *13 (M.D. Pa. July 8, 2008).

In light of the foregoing, the law cited in the Defendant's motion in limine affects more than the admissibility of evidence at trial; it may dispose of the Plaintiff's COBRA claim as a matter of law. Accordingly, the Court grants leave to the Defendant to file an appropriate dispositive motion consistent with its motion in limine and the terms of this Order by **Monday, April 18, 2016, at 9:00 am**. The Plaintiff's memorandum opposing summary judgment will be due **10 days** after service of the Defendant's summary judgment motion. There will be no reply memorandum from the Defendant. No extensions of these deadlines will be granted. The length of the parties' memorandum in support or opposition to the Defendant's summary judgment motion shall not exceed 10

pages.

The general question that the parties' briefs should answer is whether a plaintiff may recover compensatory damages for a violation of the COBRA provisions found in the PHSA, see 42 U.S.C. §§ 300bb-1 to -7. More specifically, the parties should address why the Supreme Court's interpretation of "appropriate equitable relief" in ERISA, see Great-West, 534 U.S. 204; Mertins, 508 U.S. 248, does or does not foreclose the Plaintiff's claim for compensatory damages. This Order does not disturb the trial, pretrial conference, or any pending deadlines in this matter.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of April, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE